BROWN, WHEELOCK, HARRIS, STEVENS, INC., Respondent, v. COTY, INC.,
Appellant.

Present — Martin, P. J., Glennon, Untermyer, Cohn and Callahan, JJ.;
Callahan, J., dissents; dissenting opinion by Callahan, J.

CALLAHAN, J. (dissenting). This is not a case where a broker produced the person who eventually purchased real property. Here, plaintiff, the broker, contended he was hired by the tenant to endeavor to cancel a long term lease. Plaintiff originally sued for commissions based on the value of the lease cancelled, but amended his complaint to claim from the buyer commissions on a sale of the property. The sale came about when plaintiff approached the landlord with the suggestion of cancellation, and the latter suggested that this be effected through a purchase of the property by the tenant. Plaintiff endeavored to get the parties to agree on terms for such purchase. Though the amount of the mortgage was agreed on, plaintiff was unable to get the tenant to offer more than $150,000 in cash, or the landlord to take less than $200,000 in cash. This was the situation on May 24, 1939, when the proposition was, for all practical purposes, abandoned. Subsequently, and about a year later negotiations were resumed directly by the landlord and tenant, and eventually they agreed upon a sale involving $175,000 in cash.

Plaintiff had no monopoly on the idea of cancelling the lease through a sale. In fact, the idea was the landlord's. Plaintiff had no exclusive contract as broker. There was no bad faith on defendant's part. The overwhelming weight of the evidence shows that plaintiff's employment was terminated in 1939, and defendant was entirely free in 1940 to reopen negotiations with its landlord without becoming liable to plaintiff for his unsuccessful work. A broker's right to compensation is made contingent on success. Though plaintiff attempted to show that his employment was a continuing one, the fact is that during the intervening year there was, at most, no more than occasional casual references to the possibility of a deal when the broker met defendant's officers socially. Not one entry was made in plaintiff's diary concerning any activity of his in this transaction during said year, although frequent entries had been made when the deal was active. Under the circumstances plaintiff's efforts were not the procuring cause of the sale.

The judgment should be reversed, and a new trial ordered.